IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARY M. MITCHELL,

            Plaintiff,

v.                                          Civil Action No. 5:06CV13
                                                              (STAMP)
LINDA S. McMAHON,[1]
Acting Commissioner of
Social Security,

            Defendant.

**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING DEFENDANT COMMISSIONER'S OBJECTIONS**

I.  Background

     The plaintiff, Mary M. Mitchell, filed an action in this Court

on February 3, 2006, seeking judicial review of an adverse decision

by the defendant, Commissioner of Social Security, pursuant to 42

U.S.C. § 405(g).  The case was referred to United States Magistrate

Judge James E. Seibert for submission of proposed findings of fact

and   recommendation   for   disposition   pursuant   to   28   U.S.C.

§§ 636(b)(1)(A) and 636(b)(1)(B).  The Commissioner filed an answer

to the plaintiff's complaint on April 24, 2006.  The parties then

filed cross-motions for summary judgment.

     Magistrate Judge Seibert considered the parties' motions for

summary  judgment  and  submitted  a  report  and  recommendation  on

_____

     [1]Linda  S.  McMahon  became  the  Acting  Commissioner  of  Social
Security  effective  January  22,  2007,  to  succeed  Jo  Anne  B.
Barnhart.   Under  Federal  Rule  of  Civil  Procedure  25(d)(1)  and  42
U.S.C.  §  405(g),  Linda  S.  McMahon  is  automatically  substituted  as
the defendant in this action.

January 4, 2007.  In his report, the magistrate judge found that the plaintiff's motion for summary judgment should be granted and that the case should be remanded to the Commissioner so that the ALJ may consider the combined effects of the plaintiff's impairments.

Based on this finding, the magistrate judge recommended that the Commissioner's motion for summary judgment should be denied.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report.  The Commissioner submitted timely objections to one section of the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is made.  As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

## II.  <u>Facts</u>

The plaintiff filed her application for Social Security Disability Insurance Benefits on August 6, 1997, alleging disability since June 4, 1997.  The application was initially denied and denied on reconsideration.  The plaintiff received a hearing before an Administrative Law Judge ("ALJ") on November 11,

1998. On April 26, 1999, the ALJ issued a decision adverse to the plaintiff. The plaintiff requested a review by the Appeals Council.

While the plaintiff's request for review was pending, she filed a second application on January 13, 2000. The claim was initially denied and denied on reconsideration. After the plaintiff requested a review, the ALJ denied the plaintiff's application. Specifically, the ALJ found that the plaintiff was not disabled from the period of April 27, 1999 to July 11, 2001. The plaintiff requested review by the Appeals Council of this decision on July 30, 2001. The plaintiff then filed a third application on November 15, 2001, while both her prior applications were before the Appeals Council.

The Appeals Council denied the plaintiff's request for review of the first two applications on April 10, 2002. The plaintiff then filed an action for review in this Court, with the applications designated Mitchell I and Mitchell II. On July 16, 2002, the Commissioner granted the plaintiff's third application for benefits. The plaintiff was given an onset date of July 12, 2001.

By an order dated July 18, 2003, this Court remanded Mitchell I for further consideration. This Court held that the ALJ had failed to properly apply the pain analysis of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). This Court also adopted and affirmed the report and recommendation in Mitchell II. On March 31, 2004, the

Appeals Council remanded Mitchell I to the ALJ for further consideration. The Appeals Council instructed the ALJ to limit his decision to the time period at issue in Mitchell I.

The plaintiff received a new hearing before an ALJ regarding Mitchell I on August 5, 2004. On February 3, 2005, the ALJ ruled against the plaintiff. On February 9, 2005, the plaintiff filed a request for review and the Appeals Council granted her a sixty-day extension to file exceptions to the ALJ's decision. The plaintiff did not file her exceptions until November 30, 2005. On December 9, 2005, the Appeals Council informed the plaintiff that her exceptions were untimely. The Appeals Council then provided the plaintiff with sixty days to file an action in this Court.

The plaintiff filed the present action on February 3, 2006.

### III.  Applicable Law

A.  Standard of Review

In conducting a de novo review under 42 U.S.C. § 405(g), this Court must determine: (1) whether the ALJ applied the correct legal standard and (2) whether substantial evidence in the record supports the ALJ's decision. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938). In determining whether the record supports the ALJ's findings, a court must consider "whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain

evidence." <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 528 (4th Cir. 1998).

B.    <u>Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  <u>Id.</u> at 250; <u>see also</u>

<u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

### III. <u>Discussion</u>

The Commissioner objects to the magistrate judge's findings that this civil action should be remanded for a consideration of the combined effect of the plaintiff's impairments.

This Court has considered the issues raised in the plaintiff's objections to determine whether the magistrate judge's report and recommendation was proper. Upon review of the record and the findings made by the ALJ, this Court concludes that the ALJ failed to properly analyze the combined effects of the plaintiff's impairments.

A.  Administrative Law Judge's Determination of Plaintiff's
Residual Functioning Capacity

The residual functioning capacity ("RFC") is what the
plaintiff can still do despite her limitations. 20 C.F.R.
§ 404.1545. It is an assessment based upon all of the relevant
evidence. Id. It may include descriptions of limitations beyond
the symptoms, such as pain, that are important in the diagnosis and
treatment of the claimant's medical condition. Id. Observations
by treating physicians, psychologists, family, neighbors, friends
or other persons regarding the claimant's limitations may be used.
Id. These descriptions and observations must be considered along
with medical records to assist the Social Security Administration
in deciding to what extent an impairment prevents the claimant from
performing particular work activities. Id. This assessment is not
a decision on whether the claimant is disabled, but is used as a
basis for determining the particular types of work she may be able
to do despite impairments. Id. The ALJ's decision will be upheld
as long as it has substantial evidence to support it.

In this civil action, the ALJ found that the plaintiff had an
RFC allowing her to perform a variety of sedentary work. (Tr.
1142.) The ALJ stated that the plaintiff required the option to
sit or stand at will and had the ability to "walk on level
surfaces." Id. The ALJ also found that the plaintiff retained the
ability to conduct every postural movement at least occasionally,
although she could not perform climbing movements. The ALJ limited
the plaintiff by finding that she could not lift or reach with her

non-dominant arm, could not be around extreme temperatures, had to work in a low stress, unskilled position and could only occasionally be around co-workers.  Id.

The magistrate judge found that substantial evidence supports the ALJ's RFC based on the evidence and opinions cited below.

In his opinion, the ALJ noted that Dr. Grennan found that the plaintiff is able to sit in a relaxed position with "no overt signs of pain behavior." (Tr. 317, 1141.)  Dr. Grennan also found that the plaintiff had good lower muscle strength.  The ALJ properly noted that during an examination with Dr. LoDico, the plaintiff rated her pain level as 5 out of 10. (Tr. 326.)  Dr. LoDico stated that the plaintiff exhibited no distress while on the examination bed or while moving within the examination room. (Tr. 327.)  The plaintiff also performed a normal forward flexion test under the supervision of Dr. Gerwin. (Tr. 164.)  Dr. Gerwin noted that in June 1999 the plaintiff had a "full range of motion at the waist." (Tr. 165.)  Further, a physical therapist remarked in July 1998 that the plaintiff "was doing excellent." (Tr. 945.)

An RFC assessment from the relevant time period found that the plaintiff could either sit or stand for six hours in an eight hour work day while performing all postural movements occasionally. (Tr. 890-91.)  The assessment also determined that the plaintiff had no manipulative, visual, communicative or environmental limitations. (Tr 892-93.)  A physical RFC assessment from June 2000 made identical findings, as did another from November 1997,

except that the 1997 evaluation limited the plaintiff from climbing ladders, ropes or scaffolds. (Tr. 273-75.)

With respect to the plaintiff's mental impairments, a psychiatric review technique from June 2000 found that the plaintiff had slight difficulties in social settings and seldom experienced problems in concentration, persistence and pace. (Tr. 286.) Another psychiatric review technique from November 1997 found that the plaintiff's mental impairments caused no restrictions in her daily lifestyle, no difficulties in social settings and no problems with concentration, persistence and pace. (Tr. 875.) The plaintiff was diagnosed with depression by Dr. Singer in 1994. (Tr. 706.) Dr. Andrews also diagnosed the plaintiff with depression in 1997. However, he found that the plaintiff had normal thought content and concentration. (Tr. 860.) Dr. Andrews also noted that the plaintiff exhibited normal social behavior and communication skills.

The magistrate judge correctly found that the ALJ's RFC generously accounted for the plaintiff's impairments. The ALJ used the RFC assessments to determine that the plaintiff could only occasionally conduct postural movements and could not perform any climbing movements. (Tr. 879, 891, 1142.) The ALJ limited the plaintiff from being around extreme temperatures even though both physical RFC assessments expressly declined to make such a finding. The ALJ also limited the plaintiff to only working in low stress environments and only occasionally being around other workers, even though two psychiatric review techniques failed to require such

limitations and Dr. Andrews had determined that the plaintiff had normal social behavior. (Tr. 286, 860, 875, 1142.) For these reasons, this Court finds that the ALJ adequately accounted for the plaintiff's impairments, and thus, this Court finds that substantial evidence supports the ALJ's RFC.

B.   Plaintiff's Treating Physicians

All medical opinions are to be considered in determining the disability status of a claimant. 20 C.F.R. §§ 404.1527(b), 416.927(b). While the ALJ must consider a physician's report on the nature and severity of an applicant's impairments, the ultimate legal determination of a claimant's RFC rests with the Commissioner. Id. The opinion of a treating physician will be given controlling weight if the opinion is both well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 416.972(d)(2). A treating physician's opinion will be disregarded if persuasive contrary evidence exists. Evans v. Heckler, 734 F.2d 1012 (4th Cir. 1984).

To decide whether an impairment is adequately supported by medical evidence, the Social Security Act requires that an impairment, physical or mental, be demonstrated by medically acceptable clinical or laboratory diagnostic techniques. 42 U.S.C. § 423(d)(1),(3).

In this civil action, the ALJ discounted the opinions of Dr. Marquart and Dr. Gerwin. The ALJ noted that Dr. Marquart gave the plaintiff a prognosis of "poor." (Tr. 929.) Dr. Marquart stated

that the plaintiff could only sit or stand for thirty minutes at a time. Id. The ALJ found that Dr. Marquart's opinions were "not supported by the objective findings" and "based primarily on the claimant's subjective complaints, which are not fully credible." (Tr. 1141.) The ALJ further noted that Dr. Gerwin was of the opinion that the plaintiff could not perform sedentary work. (Tr. 1142.) For these reasons, the ALJ determined that Dr. Gerwin's opinion was based on the plaintiff's subjective complaints.

This Court notes that the ALJ's findings will be upheld as long as substantial evidence supports them. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The magistrate judge determined that substantial evidence supports the ALJ's finding that the opinions of Dr. Marquart and Dr. Gerwin are not credible. This Court agrees. First, Dr. Marquart's finding of severe disabilities is inconsistent with his own statement that the plaintiff is a malingerer. (Tr. 929.) In February 1998, Dr. Marquart wrote that the plaintiff had a CT scan that was "normal with minimal bulging of the disk at the L5-S1 level which is unchanged from many previous studies." (Tr. 264.) He stated that she "has some bulging of the disk at the L5-S1 level, otherwise there really isn't anything else we have to offer her." Id. This Court finds that these statements significantly undermine Dr. Marquart's credibility. Thus, after a review of the record, this Court finds that substantial evidence supports the magistrate judge's finding that Dr. Marquart's statements in this case are not credible. Second, Dr. Gerwin stated that his assessment came from

"conversations and examinations." (Tr. 257.) This Court finds that Dr. Gerwin's opinion did not have medically acceptable clinical and laboratory diagnostic techniques to support it and so the opinion was not entitled to significant credit. 20 C.F.R. § 416.972(d)(2).

In her motion for summary judgment, the plaintiff further notes that the opinions of Doctors Greco, Entress, and Wetzel Saffle were not properly taken into consideration by the ALJ. The ALJ did not make the same specific findings discounting their credibility as he did with Doctors Marquart and Gerwin.

With respect to Dr. Greco, he stated that the plaintiff is disabled. After a review of the record, this Court finds that there is no explanation for Dr. Greco's opinion. One record from Dr. Greco indicates that the plaintiff was treated for mild ailments. On April 17, 2000, the record reveals that Dr. Greco diagnosed the plaintiff with a "small hiatal hernia with associated gastroesophageal reflux and a small duodenal bulb ulcer. (Tr. 312.) Beyond this diagnosis, Dr. Greco indicated that the plaintiff exhibited numerous normal physical signs.

Dr. Entress also found in September 2001, that the plaintiff is disabled. The magistrate judge determined that there was no evidence supporting or explaining Dr. Entress' opinion that the plaintiff is disabled. Dr. Entress stated that "[t]his is to state

that Mechelle[2] is totally disabled at the present time." (Tr. 449.) There is no explanation given for Dr. Entress' statement.

Finally, Dr. Wetzel Saffle completed a state disability form for the plaintiff in January 2002. In the form, Dr. Wetzel Saffle fails to provide an explanation as to why the plaintiff is disabled. Id. Thus, this Court finds that Dr. Wetzel Saffle's assessment is entitled to little weight. 20 C.F.R. § 416.972(d)(2).

For the reasons stated above, this Court finds that the ALJ properly gave sufficient weight to the opinions of the plaintiff's treating physicians, Doctors Marquart, Gerwin, Greco, Entress and Wetzel Saffle.

C.  Plaintiff's Testimony

The ALJ properly conducted the first prong of the credibility analysis set forth in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). Under Craig, the ALJ must first expressly consider whether the plaintiff has demonstrated an impairment, by objective medical evidence, that caused the degree and type of pain alleged. Once this determination has been made, the ALJ then must consider the credibility of his subjective allegations of pain in light of the entire record. Id.

Under Craig, when a claimant alleges a disability from subjective symptoms, he must first show the existence of a medically determinable impairment that could cause the symptoms

---

[2]The record reveals that Mary M. Mitchell was also known as "Mechelle."

alleged. Id. at 594. The ALJ must "expressly consider" whether a claimant has such an impairment. Id. at 596. If the claimant makes this showing, the ALJ must consider all evidence, including the claimant's statements about his symptoms, in determining whether the claimant is disabled. Id. at 595. While the ALJ followed the legal mandates of Craig, his factual determinations will be upheld so long as they have substantial evidence to support them. Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). A decision with substantial evidence adequately explains its reasoning. Id. Since the plaintiff concedes that the ALJ properly conducted the first step of the Craig analysis, this Court only needs to examine the second step of the analysis.

The ALJ gave a long list of reasons for finding that the plaintiff's testimony is not completely credible, which constitutes substantial evidence to affirm the decision. Hays, 907 F.2d at 1456. First, the ALJ found that the plaintiff's activities during the relevant period contradicted her claims of disability. The ALJ noted that the plaintiff told Dr. Gerwin in July 1998 that she was performing aerobic exercises and expanding her activities. (Tr. 189, 1137.) The ALJ also noted that the plaintiff performed other activities such as boxing toys to give to children and going to the county fair in July 1998. (Tr. 188, 1137.) Indeed, Dr. Gerwin stated that the plaintiff "may have overdone it during the weekend" with these activities. (Tr. 188.)

The ALJ also noted that the plaintiff attempted to self-diagnose her problems. (Tr. 1138.) For instance, the ALJ stated

14

that Dr. Gerwin reported in June 1999 that the plaintiff looked at medical literature to determine her condition. (Tr. 165, 1138.) Dr. Gerwin found that there has been no positive identification regarding the cause of the plaintiff's pain, as is noted by the ALJ. (Tr. 166.) Even aside from the evidence the ALJ considered, significant evidence exists that the plaintiff attempted to pursue her own course of medical treatment. Dr. Greco stated that the plaintiff was eager for surgery. (Tr. 334.) He stated that it was "difficult to reassure her that every x-ray abnormality does not mean that she has some serious pain producing problem that surgery is going to fix." Id. Likewise, Dr. Marquart stated that in May 2000, the plaintiff "was under the impression that taking the disk out at the C6/7 level . . . would remove all of her pain." (Tr. 258.)

Finally, the ALJ found that evidence existed to conclude that the plaintiff magnified the severity of her symptoms. The ALJ noted that Dr. Paroda found that the plaintiff "dwelled on her pain discomfort throughout the examination." (Tr. 867, 1138.) The ALJ also based his findings on statements made by Dr. Grennan in a March 1999 examination. Dr. Grennan reported that the plaintiff stated to him that she experienced improvement in her condition from a steroid injection. (Tr. 316.) Dr. Grennan further stated that the plaintiff told him that she had been able to increase her daily living activities "to a moderate extent." Id. The ALJ reasonably found that these statements inconsistent with the disabling symptoms alleged by the plaintiff. (Tr. 1138.)

This Court finds that the evidence summarized above provides sufficient support of the ALJ's conclusion that the plaintiff's testimony was not fully credible.

## D.  Vocational Expert's Testimony

A Vocational Expert ("VE") may be used to aid the ALJ in determining if a claimant is capable of performing his or her past relevant work, given the RFC the ALJ assigns.  20 C.F.R. § 404.1560.  If the claimant is not capable of performing his or her past relevant work, the ALJ may ask the VE whether the claimant can perform any other work that exists in significant numbers in the national economy.  Id.  If a claimant is incapable of performing any work existing in significant numbers in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v); 404.1560(c).

Questions to a VE are only relevant insofar as they accurately reflect the limitations the ALJ ultimately determines the claimant has.  20 C.F.R. § 1560(b)(2).  Hypothetical questions including limitations greater than the RFC the ALJ assigns should not be considered.  20 C.F.R. § 404.1560(c)(1)(stating that "If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment . . . when we decide if you can adjust to any other work.").

The ALJ's duty is to make factual findings and "resolve conflicts in the evidence."  Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).  If substantial evidence supports the ALJ's factual

16

findings, a court must uphold them, even if the court disagrees with the ALJ's findings.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

At the hearing on August 5, 2004, the plaintiff's attorney asked the VE if, in addition to the limitations described by the ALJ, a person needed to be off work twenty five percent of the workday would such a person still have any work available to him. (Tr. 1517.)  The VE responded that he does not "believe that would allow for a competitive work routine."  The plaintiff's attorney further asked the VE if there would be any position that he had identified that would allow a person to lie down one to two hours during a workday.  To which, the VE responded "no."  Id.  The ALJ did not accept this testimony "because the hypothetical factors upon which they are based are not supported by the evidence of record."  (Tr. 1144.)  In her motion for summary judgment, the plaintiff contends that this was an error.  Because the alleged error concerns the facts of the case, the ALJ's decision will be upheld so long as substantial evidence exists to support it.  Hays, 907 F.2d at 1456.

Since the limitations in the hypothetical that the plaintiff's attorney asked included greater limitations than the ALJ's RFC, the ALJ does not need to credit them unless his RFC was itself in error.  20 C.F.R. § 404.1560(c)(1).  For this reason, this Court finds that substantial evidence supports the ALJ's decision regarding the plaintiff's RFC.

D.    Combined Effects of Plaintiff's Impairments

     In her motion for summary judgment, the plaintiff argues that
the ALJ gave insufficient consideration to the combined effects of
her impairments.  The magistrate judge agreed and recommended that,
since the ALJ failed to properly analyze the combined effects of the
plaintiff's impairments, this case should be remanded to the
Commissioner.  The Commissioner filed objections to the magistrate
judge's report and recommendation.  In her objections, the
Commissioner asserts that the magistrate judge's report and
recommendation is inconsistent with all of the above stated
findings.

     The ALJ has a duty to consider the combined effects of a
claimant's impairments.  20 C.F.R. § 404.1523; Hines v. Bowen, 872
F.2d 56, 59 (4th Cir. 1989).

     "Congress explicitly requires that 'the combined effect of all
the individual's impairments' be considered, 'without regard to
whether any such impairment if considered separately' would be
sufficiently severe."  Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.
1989)(citation omitted).  The ALJ must "consider the combined effect
of a claimant's impairments and not fragmentize them."  Id. at 50.
The ALJ's findings will be upheld as long as they have substantial
evidence to support them.  Milburn, 138 F.3d at 528.

     The ALJ found that the plaintiff had the severe impairments of
"chronic back pain; status post fracture of the sacrum; protruding
disc at L5-S1; lumbar and thoracic scoliosis; myofascial pain
syndrome; and adjustment disorder with mixed mood of anxiety and

depression due to her physical condition." (Tr. 1134). In his February 2005 decision, the ALJ incorporated by reference his medical findings from the April 1999 decision. (Tr. 1138). It is therefore necessary to determine whether the first decision, in combination with the 2005 decision, gave adequate attention to the combined effects of the plaintiff's impairments.

The magistrate judge concluded that the ALJ failed to give sufficient attention to the combined effects of the plaintiff's impairments. When the ALJ summarized the medical evidence in both the 1999 and 2005 decisions, he simply told of certain doctors the plaintiff had seen and recited the findings that the doctors had made. (Tr. 545-48, 1138-42.) The ALJ's summary of the medical evidence was objective. (Tr. 545-48, 1138-42.) The ALJ did not analyze the medical opinions or make his own findings in this action.

The ALJ's first findings interpreting the medical evidence came when he advised the plaintiff of the RFC he assigned to her. This Court finds that this was in error because the ALJ should have first assessed how the plaintiff's impairments affected her daily activities. Without such analysis, this Court cannot tell how the plaintiff's impairments combined to affect her lifestyle. Since the record lacks such analysis, the ALJ's findings are not supported by substantial evidence. <u>Hays</u>, 907 F.2d at 1456.

The magistrate judge likened the present civil action to <u>Walker v. Bowen</u>, 889 F.2d 47, 49-50 (4th Cir. 1989). In <u>Walker</u>, the ALJ discussed "each of claimant's impairments but failed to analyze the

cumulative effect the impairments had on the claimant's ability to work. He simply noted the effect or non-effect of each and found that the claimant could perform light and sedentary work." Id. The ALJ's failure to sufficiently analyze the facts led the court to remand the case. Id. at 50. In this action, the magistrate judge correctly stated that the ALJ's summary of the medical opinions was extremely comprehensive, but the ALJ did not explain how the plaintiff's impairments affected her daily activities. Thus, this Court is unable to conclude that substantial evidence exists to support the ALJ's findings.

Finally, the magistrate judge found that the ALJ came to an erroneous conclusion regarding the plaintiff's "somatic" physical impairments. As cited by the magistrate judge, Dorland's Illustrated Medical Dictionary 1663 (29th ed. 2000) defined "somatic" as "1. pertaining to a characteristic of the soma or body. 2. pertaining to the body wall in contrast to the viscera."

The record reveals that Dr. Pratt-Harrington stated that the plaintiff suffered from "somatic dysfunction of the cervical, thoracic, lumbar regions, and sacrum." (Tr. 407.) The ALJ interpreted this to mean that the impairments have at least some psychological causes. (Tr. 1140.) Based upon the medical definition, it is clear to this Court that the ALJ's conclusion is erroneous. The magistrate judge found and this Court agrees that the ALJ must understand the doctor's diagnosis to correctly analyze the combined effects of the plaintiff's impairments.

The Commissioner argues that the ALJ had analyzed the medical evidence because the ALJ gave a detailed review of the medical evidence. This Court disagrees. The Commissioner must perform both functions. The Commissioner must first give a detailed review of the medical evidence and then the Commissioner must analyze the combined effect of the plaintiff's impairments. See Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985.)(the court held that "in determining degree of severity of applicant's impairments, Secretary of Health and Human Services improperly failed to consider combined effect of applicant's various impairments, including Reiter's disease and slight intellectual deterioration, on his ability to work."). Merely giving a detailed review of the medical evidence is not sufficient to find that the ALJ's opinion is supported by substantial evidence. This Court finds that the ALJ must consider the combined effect of the plaintiff's impairments.

Since the ALJ failed to properly analyze the combined effects of the plaintiff's impairments, this Court finds that this case must be remanded to the Commissioner.

IV. Conclusion

Because, after a de novo review of certain sections and because the remaining findings are not clearly erroneous, this Court concludes that the magistrate judge's recommendation is proper and the Commissioner's objection to the report and recommendation lacks merit. Accordingly, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the summary judgment

21

motion of the plaintiff is hereby GRANTED and this civil action is REMANDED to the Commissioner so that the ALJ may consider the combined effects of the plaintiff's impairments. Further, the summary judgment motion of the Commissioner is hereby DENIED for the reasons set forth above. Accordingly, the Commissioner's objection to the magistrate judge's report and recommendation is hereby OVERRULED.

It is further ORDERED that, pursuant to 42 U.S.C. § 405, this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein.

DATED:    March 22, 2007


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE